## LITTLEFIELD *v.* DRAWDY.

1. The evidence abundantly sustained, if it did not absolutely demand the verdict, finding the property claimed to be subject to the execution.
2. Exceptions to the charge of the court are not well-founded.
3. There was no error in admitting in evidence the record of an equity cause between the parties to this case, wherein a decree was rendered for the plaintiff, setting aside for fraud a deed made by the sheriff to the claimant.
4. Though the rejection of certain testimony was of doubtful propriety, it could not rightfully have changed the verdict had it been admitted.

March 12, 1890.

Claim. Verdict. Evidence. Charge of court. Practice. Before Judge ATKINSON. Wayne superior court. March term, 1889.

On August 23, 1871, Eliza Drawdy brought complaint on a promissory note against T. P. Littlefield and S. C. Littlefield, "doing business as partners . . under the firm name and style of T. P. Littlefield & Brother," and on March 24, 1873, obtained judgment against "T. P. Littlefield and Sylvanus C. Littlefield, copartners under the firm name of T. P. Littlefield & Bro., for the sum of $855 as principal, the sum of $207 as interest, and the sum of $12 as costs of suit." The execution issued therefrom was, on April 29, 1878, levied on land in the town of Jesup, including the Jesup House and a store occupied by one Weiss and the other buildings thereon, the same being three fourths of an acre, and

also upon the furniture belonging to the Jesup House, specifying it; all as the property of T. P. Littlefield. A claim was interposed by Lizzie H. Littlefield, the wife of T. P. Littlefield. On the trial, there was testimony for plaintiff to the effect that T. P. Littlefield was in possession of the property at the time of the levy, with some tendency to contradiction of this on behalf of the claimant. Tax digests introduced tended to show that in 1872, T. P. Littlefield returned one acre of land in Wayne county, valued at $3,000, and Littlefield & Co. returned $1,800 of merchandise; that in 1873, T. P. Littlefield returned 300 acres of land in lot 43 of the 3d district of Wayne county, valued at $320, and a house and lot in Jesup valued at $3,000, and Littlefield & Co. returned city or town property valued at $500 and merchandise valued at $2,500, and S. C. Littlefield & Bro. returned 490 acres of land in lot 75 of the 3d district of Wayne county, valued at $500; and that in 1874, T. P. Littlefield returned 2 acres of land valued at $3,000 and furniture valued at $300, and returned, as agent for Lizzie H. Littlefield, 244 acres of land in lot 43 of the 3d district, valued at $400, and S. C. Littlefield & Bro. returned the same as they did in 1873.

A deed from T. P. Littlefield to the claimant, dated February 15, 1872, and conveying the realty under levy, in consideration of $500 and of love and affection, appeared in evidence. It bears an entry of record on July 28, 1873. There was testimony for the claimant that in 1868 T. P. and S. C. Littlefield commenced a merchandise and saw-mill business, the value of the stock of goods they carried being from four to six thousand dollars, and the saw-mill being worth fifteen to twenty thousand dollars. It seems that the latter was sold in 1871, and the store was burned afterwards. Littlefield testified that he was amply solvent at the time his deed to claimant was made, owing few debts com-

pared to his interest in the business property; and that plaintiff was to be paid her debt when timber was cut, but he sold out his interest in the timber before it was cut to his brother and another, and they assumed the responsibility of it all.

On June 21, 1875, the plaintiff's execution was levied by the sheriff on the property now in controversy, as the property of T. P. Littlefield; and the same was advertised for sale on the 7th of the next September. On that day, the present claimant made a claim affidavit and bond and placed them in the hands of T. P. Littlefield to be delivered to the sheriff. Upon further consultation with her attorney, she withdrew her claim, and the property was knocked off to her attorney for her at $50; and the sheriff made her a deed thereto. The plaintiff thereupon filed her bill in equity to have the sale decreed to be fraudulent and void, alleging that her agent, Zachariah Drawdy, was present for her at the time and place of sale to bid for the property up to the amount of her execution, but the sheriff announced publicly to him and the others present that the sale would be postponed until the right of property was tried under the claim which had been interposed, and which he had accepted; whereupon Zachariah Drawdy and the other bidders (except one Whaley, the clerk of the court and the claimant's attorney) left the place of sale; and thereupon claimant's attorney demanded and received from the sheriff the claim bond, and that officer forthwith proceeded to sell the property, which was knocked off to claimant's attorney for $50, although worth $3,000 or other large sum; that he purchased for claimant and her husband; that these three and the sheriff confederated to defraud plaintiff, and the proceeding by them as related was a deliberate fraud; and that the execution remained unpaid, and T. P. Littlefield owned no other property out of which it could be made. This bill was answered by

the claimant, denying all unlawful combination and confederacy, etc., and setting up her claim of title under both her deed from T. P. Littlefield, already referred to, and the sheriff's deed. A verdict was rendered that the sheriff's sale was fraudulent, illegal and void and should be set aside, and that the sheriff's deed should be cancelled; and a decree to this effect was entered March 14, 1878.

There was testimony that two deeds were made to this property by Clary and Hazlehurst, one to claimant and the other to her husband, the first late in 1868 or early in 1869; that until the second was tendered to Clary in court, he would have sworn that it was the one made to claimant, but now sees that it must have been the first one; that Littlefield's store was burned and in the fire he lost the deed from Clary and Hazlehurst to claimant, it never having been recorded; that Littlefield asked Clary for a new one, in order to save the expense of establishing a copy; that the consideration was $150, $75 of which was paid in cash by Littlefield, and the rest in his note, which Hazlehurst returned to him cancelled in consideration of his having built the house on the land; that the lost deed was to the claimant and was delivered; that the house was built before the deed was made; that Hazlehurst was president of the railroad company; that Littlefield never did claim any title to the property, made her a deed in 1872, etc. It appears that Clary was dead at the time of this trial, and his testimony now offered was taken on the former trial. The claimant's attorney testified that what was offered was the substance of what Clary testified to, and was written out by him (counsel) on the night after the first trial, while the facts were fresh in his recollection. At first this testimony was admitted and read to the jury; but at the close of the introduction of evidence, it was, on plaintiff's motion, ruled out.

Upon the second verdict finding the property subject, the claimant moved for a new trial on the following among other grounds:

Verdict contrary to law and evidence.

Refusal to charge that when suits are brought against copartners, the plaintiff can in his declaration disclose the names of the individual members of said firm or copartnership and have each one of them served with process, and when judgment is obtained it is competent for the plaintiff so to mold it as to take judgment against them first as copartners, and such judgment would bind the copartnership property, that is to say, the firm property; but that such a judgment would not bind the private property of the individual members of said firm, but if the plaintiff should desire to have a judgment which will bind not only the firm property but also the private property of the individual members of said firm, he shall draw his judgment using such words as show that it binds the firm and private property alike; and that, tried by this rule, the judgment in this case does not bind the individual property of T. P. Littlefield, and therefore, in order for the jury to find the property subject, they must find that it was at some period after plaintiff's debt was in existence the property of the firm against whom the judgment was taken, and unless they should so find, their verdict must be for the claimant.

Error in the charge: " It is insisted upon the part of the claimant in this case that the judgment upon which this execution issued is not a judgment which could be levied upon the goods and chattels of T. P. Littlefield. The record of that judgment you will have before you. The court charges you in this case that this judgment is such a judgment as could be levied legally upon the personal goods of T. P. Littlefield."

The court erred in charging that " every voluntary

deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance, is void," because this was not applicable to the facts, and because it was an improper charge unless the court had charged further: "Provided the plaintiff's debts were in existence at the time of such conveyance."

Error in the charge: "In claim cases the burden of proof is with the plaintiff in the first place to establish that possession in the defendant in *fi. fa.*, or show the title in him. If you find from the evidence in this case that T. P. Littlefield at any time since the date of the rendition of this judgment was in possession of the property described in that levy, then the court charges you that the burden of proof would be upon the claimant to show that she had a clear paper title to the property."

Error in allowing in evidence the equity proceeding in which plaintiff was complainant, and claimant, her attorney and the sheriff were the respondents, viz. the original bill and exhibits, the answer and exhibits, the decree of the court, and all the entries appearing on these papers, over claimants' objection that they were illegal and irrelevant and prejudicial to her case.

Error in ruling out the testimony of Willis Clary and T. P. Littlefield as to the existence of a former deed made by Willis Clary and Geo. H. Hazlehurst to claimant, which deed T. P. Littlefield swore was lost or destroyed.

The motion was overruled, and the claimant excepted.

FRANK H. HARRIS, for plaintiff in error.

J. C. NICHOLLS and S. W. HITCH, by HARRISON & PEEPLES, *contra.*

BLANDFORD, Justice.

An execution in favor of the defendant in error was

levied upon certain property, to which the plaintiff in error interposed a claim. Upon the trial of the case, the jury found the property subject, and thereupon the claimant moved the court for a new trial upon many grounds, which was denied by the court, and the claimant excepted.

1. As to the general grounds of the motion, that the verdict was contrary to law and the evidence and without evidence to support it, we need only say that, in our opinion, the evidence abundantly sustained the verdict rendered by the jury in this case, if it did not absolutely demand it.

2. There are several exceptions taken to the charge of the court, all of which we have considered, but do not think are well-founded. We think the court charged the law as applicable to the facts of this case.

3. Exception is also taken to the admission of certain evidence, to wit, the record of a case in equity between these parties and some others, wherein a decree was had for the defendant in error. The main allegations in that case were that the property now levied upon and claimed had been sold under this same execution, and that the plaintiff in error caused the same to be purchased by a person at said sale for her benefit; the bill in that case alleging that the sale was procured by fraud, and setting forth the facts which constituted said fraud. A decree was rendered in that case setting aside the deed made by the sheriff under said sale. We think this record bore remotely upon the present case, and therefore there was no error in admitting the same in evidence.

4. Another exception is taken to the ruling of the court in refusing to allow testimony of certain witnesses for the purpose of establishing a deed which had formerly been made to the plaintiff in error, and to show that the same had been lost or destroyed. We have

some doubt as to whether this testimony should have been rejected; but we are satisfied that if this testimony had been admitted, the verdict is as it should have been. If this were a close case, our ruling probably would be otherwise than it is; but we think, under the facts of this case, that justice has been done, and that this litigation should cease, this being the second or third verdict rendered in favor of the defendant in error against the plaintiff in error.    So the judgment of the court below is                                    , *Affirmed.*